UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| United States of America, | ) Criminal No. 4:06-1138-TLW-1 |
|---|---|
| vs. | ) ORDER |
| Vicente Ramirez, Jr., # 28604-179, | ) |
| Defendant. | ) |

The defendant is serving a ninety-month sentence for possession with intent to distribute marijuana. His conviction was entered in the above-captioned case pursuant to a guilty plea. The defendant has filed two motions, pursuant to FED. R. CRIM. P. 41(g), seeking return of property allegedly seized during his arrest. Specifically, the plaintiff seeks return of his wallet, passport, drivers license, and Social Security card.

Once a federal criminal case is closed, a federal district court should treat a motion for return of property filed pursuant to Rule 41(g) as a civil complaint for equitable relief. *See United States v. Dominguez*, 2009 WL 2245064 (S.D.N.Y. July 27, 2009) ("Once criminal proceedings have concluded, the Court must treat the motion [for return of property] as a civil complaint for equitable relief.").

The Clerk of Court is, therefore, directed to terminate the first motion for return of property (Doc. # 82) as duplicative to the second motion for return of property. The Clerk of Court shall also terminate the second motion for return of property (Doc. # 83) and assign a civil action number for the second motion for return of property *for docket control purposes*. The Clerk of Court may, thereafter, re-docket the second motion for return of property in the new civil action as of the date

the new civil action is opened, and may also assign a United States Magistrate Judge to the new civil action.  Since the new civil action is being opened pursuant to a court order, the defendant (who will be the plaintiff in the new civil action) will not be required to pay the separate filing fee for the new civil action.

**IT IS SO ORDERED.**

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

October 28, 2010
Florence, South Carolina